**The STATE of Ohio, Appellee,**

v.

**EBERSOLE, Appellant.**

[Cite as *State v. Ebersole* (1995), 107 Ohio App.3d 288.]

Court of Appeals of Ohio,
Third District, Hancock County.

No. 5-95-15.

Decided Nov. 6, 1995.

---

*Robert A. Beutler, Jr.,* for appellee.

*John C. Filkins,* for appellant.

HADLEY, Judge.

Defendant-appellant, Andrew Ebersole, appeals from the judgment of conviction and sentencing entered in the Findlay Municipal Court, for a violation of R.C. 4507.02(B), operation of a motor vehicle with a suspended driver's license.

On September 10, 1993, appellant was issued a citation for operating a motor vehicle during the suspension of his driver's license in Hancock County, Ohio. On September 22, 1993, the trial court ordered that attorney William S. Alge be appointed counsel for appellant. Immediately preceding this order in the record, but not file-stamped, are two affidavits of indigency. One affidavit is a form required by R.C. 120.33 when an indigent seeks to have counsel appointed at public expense. The second affidavit is a form apparently used by the Findlay Municipal Court, filled out by appellant and containing the following paragraph:

"14. I UNDERSTAND IF I AM FOUND GUILTY I MUST PAY MY ATTORNEY FEES, WHICH WILL BE TAXED AS COSTS. I ALSO UNDERSTAND THAT IF I FAIL TO CONTACT, COMMUNICATE OR COOPERATE WITH MY APPOINTED ATTORNEY, THAT I SPECIFICALLY WAIVE MY RIGHT TO THE APPOINTMENT OF ADDITIONAL COUNSEL." [1]

Paragraph fourteen was initialed, and the form signed at the end by appellant on September 21, 1993.

On September 24, 1993, appellant entered a plea of not guilty. On November 15, 1993, appellant filed a motion to suppress. A hearing was held on the motion to suppress on January 5, 1994, at which time appellant and attorney Alge were present. At the conclusion of the evidence presented, the trial court overruled the motion to suppress.

Trial was set for January 20, 1994; however, attorney Alge requested a continuance to complete discovery and prepare for defense of the case. This motion was granted, and trial was set for March 10, 1994. The record reflects, by judgment entry dated March 15, 1994, that appellant did not appear for trial and attorney Alge made a motion to withdraw as counsel. The trial court stated that "based on Defendant's failure to communicate with his court appointed counsel and for good [cause] shown" attorney Alge was permitted to withdraw as counsel. Also at that time, the trial court ordered that a bench warrant issue for appellant's arrest for appellant's failure to appear at trial.

---

1. This paragraph is the only paragraph on the single-page form which is in bold print with all letters in capitals.

Appellant was apprehended in January 1995 pursuant to the bench warrant. Subsequent to his arraignment, appellant filed, on February 8, 1995, a motion for "reconsideration of counsel (appointed)." On the form, appellant stated his reasons for the motion for appointed counsel as "[p]revious Court appt. attorney withdrew from case/lack of court & atty. notification due to change of address." On the same date, the court called appellant and the prosecutor into court, and the discussion was recorded to discuss appellant's motion for appointed counsel. The discussion was recessed at the trial court's insistence to allow attorney Alge to relay his notifications of the March 1994 trial date to the court. On March 2, 1995, a hearing was held with attorney Alge, appellant, and the prosecutor present in the courtroom.

At the conclusion of the hearing, the trial court determined that appellant had waived his right to appointed counsel "because of [appellant's] failure to consult with [his] counsel and * * * lack of evidence that it was with good cause, that [appellant is] not entitled to the subsequent appointment of counsel, pursuant to paragraph 14 of our application. And so I'm not going to grant subsequent counsel at public expense. You're certainly free to obtain your own lawyer."

A jury trial was set for March 23, 1995. At trial, appellant represented himself. At the conclusion of the presentation of the evidence, the jurors found appellant guilty of R.C. 4507.02(B).

On April 6, 1995, represented by counsel, appellant filed a motion for a new trial, pursuant to Crim.R. 33(A)(1). The trial court overruled this motion. Appellant then timely appealed his conviction and sentencing to this court with the aid of court-appointed counsel, asserting four assignments of error.

Appellant's first two assignments of error are interrelated and will be considered and disposed of together.

### Assignment of Error Number One

"The trial court erred as a matter of law in failing to appoint the defendant counsel to represent him at the jury trial, in violation of the Sixth and Fourteenth Amendment[s] to the [United States] Constitution, [and] Section 10, Article [I], of the Ohio Constitution."

### Assignment of Error Number Two

"The trial court erred as a matter of law in its' [sic] failure to grant the defendant a new trial based upon a denial of appointment of counsel."

The Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I, of the Ohio Constitution afford every criminal defendant the right to counsel. This right can be waived, and an accused may

represent himself. *Faretta v. California* (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562. Before the right to counsel can be waived, a court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself, and, also, he should be informed of the dangers inherent in self-representation. *Id.; State v. Gibson* (1976), 45 Ohio St.2d 366, 74 O.O.2d 525, 345 N.E.2d 399.

Crim.R. 44(C) requires that a waiver of counsel "shall be in open court and the advice and waiver shall be recorded." This court has stated that strict compliance with this procedural rule is not necessary, so long as the substance and spirit of the rule have been complied with. *State v. Overholt* (1991), 77 Ohio App.3d 111, 601 N.E.2d 116. If the record reflects substantial compliance with the procedural rule, a waiver is deemed to have taken place. *Id.* Thus, pursuant to Crim.R. 44(C), a waiver may be express or implied.

This case does not fall within the parameters of Crim.R. 44(C) because the waiver was not expressly or impliedly made. However, Ohio appellate courts have held that a waiver may be inferred from the circumstances of an individual case. See *State v. Crebs* (1987), 42 Ohio App.3d 50, 52, 536 N.E.2d 52, 54 ("To determine whether a waiver of counsel may be inferred, the circumstances of each case must be considered."). See, also, *State v. Hook* (1986), 33 Ohio App.3d 101, 103, 514 N.E.2d 721, 723–724 ("To ascertain whether a waiver may be inferred, the court must take into account the total circumstances of the individual case including the background, experience, and conduct of the accused person."). Thus, the actions of a particular defendant may indicate a waiver of his right to counsel. We proceed in this case to determine whether from the circumstances of the case, it can be inferred that appellant waived his right to counsel.

At this juncture, it is important to note that paragraph fourteen of the affidavit of indigency form provided by the Findlay Municipal Court ("trial court affidavit") does not amount to a waiver of appellant's right to counsel. Initially, we are concerned with the procedural aspects of the two affidavit of indigency forms included as part of the record, but not file-stamped or attached to the order providing appellant with court-appointed counsel. App.R. 9(A) states that the record on appeal is composed of those papers that are *filed in the trial court.* As indicated, the two affidavit forms are neither file-stamped nor attached to the September 22, 1993 order appointing counsel for appellant.

Even if the forms are a part of the record on appeal, the effect of paragraph fourteen of the trial court affidavit is null because it does not amount to a valid waiver. Crim.R. 44(C) requires a waiver be made orally in open court and recorded. See *Garfield Hts. v. Brewer* (1984), 17 Ohio App.3d 216, 17 OBR

458, 479 N.E.2d 309. Nothing in the record indicates appellant made a waiver of his right to counsel in open court. Moreover, any waiver—whether it be express, implied, or inferred—must pass constitutional muster prior to the waiver having the effect of obviating a defendant's constitutional right to counsel. A fundamental aspect of a valid waiver of counsel is not only that the waiver was made voluntarily and intelligently, but also "that the defendant who elects to conduct his own defense had some sense of the magnitude of the undertaking and the hazards inherent in self-representation." *State v. Weiss* (1993), 92 Ohio App.3d 681, 685, 637 N.E.2d 47, 50; *Faretta, supra.*

Paragraph fourteen of the trial court affidavit does not meet the constitutional aspects of a valid waiver of counsel. First, we note that when appellant was questioned on February 8, 1995 about signing his initials after paragraph fourteen, the trial judge only asked appellant whether he initialed that particular paragraph or not. The trial judge never questioned appellant whether he knew or understood what paragraph fourteen meant. Moreover, the paragraph does not inform the defendant that he will have to represent himself in the event that court-appointed counsel is denied him and, further, does not mention the dangers inherent in self-representation.

Turning to the specific circumstances of this case, we find that the facts do not amount to a valid waiver. Simply put, although appellant's actions of failing to notify his attorney of his change of address and not contacting his court-appointed counsel or the court between January 1994 and his apprehension in January 1995 are not condoned by us, neither will we condone the trial court's action denying a defendant court-appointed counsel when, prior to the denial, the trial court fails to inform the defendant of the *consequences* of his action. In other words, the constitutional requirements of a valid waiver delineated in *Faretta, supra,* must still be articulated to the defendant: a defendant must know that his failure to contact his attorney will result in no further appointed counsel and if this happens, unless he can afford an attorney, he must represent himself and, also, be informed that there are dangers inherent in self-representation. See, also, *Overholt, supra,* 77 Ohio App.3d at 116–117, 601 N.E.2d at 119–120, and *Von Moltke v. Gillies* (1948), 332 U.S. 708, 723, 68 S.Ct. 316, 323, 92 L.Ed. 309, 320–321.

"Such an inquiry must be made, even when the defendant is seemingly engaging in delay tactics, because such a delaying strategy by the defendant is often employed where the defendant does not understand the crucial role of counsel in criminal cases. * * * *If the defendant then continues with his 'cat and mouse' game with the court, the court may properly proceed with trial with the knowledge that the defendant knows the gravity of his decision to proceed pro se.*" (Emphasis added.) *Weiss, supra,* 92 Ohio App.3d at 685, 637 N.E.2d at 50.

The record herein does not indicate that appellant was ever informed of the consequences of actions frustrating the judicial process. Without such an inquiry and explanation to appellant, the trial court erred, as a matter of law, in concluding that appellant waived his right to counsel. Not only must the defendant's actions be examined, but also, the trial court's explanation of the consequences of a defendant's actions must be examined in order to make a proper determination whether a defendant waived his right to counsel.

The trial court herein relied upon *United States v. Fazzini* (C.A.7, 1989), 871 F.2d 635, to state that a defendant's lack of cooperation with court-appointed counsel amounts to a valid waiver of counsel. However, *Fazzini* differs from the matter *sub judice*. In *Fazzini*, the defendant was appointed *four* different consecutive attorneys. After the third attorney was discharged, the district court determined that the defendant had knowingly and voluntarily waived his right to counsel. However, the district court appointed a fourth attorney and at the time of the appointment, warned the defendant that this would be his last attorney appointed by the court. The fourth attorney was forced to withdraw, but was appointed to act as "shadow counsel" for the defendant after the district court again found the defendant had knowingly and voluntarily waived his right to counsel. Without the benefit of the district court record, we are unable to determine, relevant to this appeal, if the district court informed the defendant in *Fazzini* about proceeding *pro se* or if the defendant was knowledgeable of the court system. However, we do know that the defendant was warned that if he failed to cooperate with the fourth appointed counsel, no further appointments would be made. Thus, in *Fazzini*, the defendant at least had a warning that his continuing action of not cooperating with his attorney would result in no additional counsel being appointed for him and had at least one opportunity to redeem himself after the appointment of the second counsel.

Herein, these facts are not presented. Therefore, the trial court's reliance upon this case is misplaced.

Appellant's first and second assignments of error are sustained.

### Assignment of Error Number Three

"The trial court erred as a matter of law in its' [*sic* ] failure to order stricken or order the jury to disregard statements of the prosecutor that the defendant 'had been convicted of bigamy, a felony,' when the defendant had not been so convicted."

### Assignment of Error Number Four

"The trial court erred as a matter of law in instructing the jury that the defendant could be found to have operated upon a street or highway 'as long as it is the kind of property that people drive on.'"

Appellant's third and fourth assignments of error are rendered moot by our disposition of the first and second assignments of error and are therefore overruled. App.R. 12(A)(1)(c).

The judgment of the Findlay Municipal Court is reversed, and the cause is remanded for proceedings consistent with this opinion.

*Judgment reversed*
*and cause remanded.*

THOMAS F. BRYANT, P.J., and SHAW, J., concur.