OPINION
Appellant, Timothy Shoenfelt, appeals from the August 10, 2000 judgment entry of the Portage County Municipal Court, Kent Division, in which he was found guilty of criminal damaging, in violation of R.C. 2909.06, a misdemeanor of the second degree.
On June 25, 2000, appellant was arrested in connection with a broken window at Europe Gyro in Kent and charged with criminal damaging. A pretrial was held on July 11, 2000. A public defender was approved as counsel for appellant on August 9, 2000, the day before the trial.[1]
The trial court denied the appointment of the public defender "because it was not timely done" and conducted the trial with appellant representing himself. Appellant was found guilty and sentenced to ninety days in jail and fined $300 with costs. The trial court suspended eight-five days of the jail time and $200 of the fine.
Appellant has filed a timely appeal and makes the following assignment of error:
 "Appellant was denied his constitutional rights to assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution by the trial court's commencement of his trial when he was not represented by counsel and had not voluntarily, knowingly and intelligently waived his right to assistance of counsel."
 Appellant contends that the court failed to undertake the necessary pretrial inquiry to determine that he made a voluntary, knowing and intelligent waiver of his right to counsel. We agree.
In State v. Ebersole (1995), 107 Ohio App.3d 288, 294, the Third Appellate District held that "a defendant must know that his failure to contact his attorney will result in no further appointed counsel and if this happens, unless he can afford an attorney, he must represent himself and, also, be informed that there are dangers inherent in self-representation." A trial should not proceed, if the defendant is without representation, unless the defendant has continued to engage in delaying tactics after he is made aware of the gravity of proceeding to trial pro se. Id.
In this case, there is no evidence that appellant was aware that he could be denied his right to counsel if he did not promptly meet with the public defender's office. In denying appellant a public defender, the trial court stated:
 "[The public defender] said that you did not bring the information that you were required to in a timely manner. You were not approved until yesterday. One day before a Trial. This has you were originally arraigned, oh, on 7/11. That was the Pre-Trial, as a matter of fact, on 7/11. So, there's been plenty of time that's gone by. You have not signed a time waiver. We have to proceed today. Therefore, we are going to proceed today. Thank you."
 There is no mention by the trial court of having previously warned appellant of the possibility that he would have to proceed pro se if he did not act in a timely manner to retain an attorney. Nor is there any indication that the trial court warned appellant of the seriousness of proceeding to trial without representation. The failure of appellant to retain an attorney between the date of the pretrial and the scheduled start of the trial, in and of itself, is not sufficient to deny appellant his right to an attorney.
For the foregoing reasons, appellant's assignment of error is well-taken. The judgment of the Portage County Municipal Court, Kent Division, is reversed, and this matter is remanded for further proceedings consistent with this opinion.
 ____________________________ JUDGE DONALD R. FORD
O'NEILL, P.J., NADER, J., concur.
[1] In stating that a public defender was "approved" as counsel for appellant, we are relying on the fact that the trial court's bailiff signed an "Appointment of Counsel" form on August 9, 2000. The form was filed on August 10, 2000. We are assuming that when the bailiff signed the form, a determination had been made that appellant was indigent and entitled to the assistance of a public defender. However, the trial judge never countersigned the form, therefore, the actual appointment of counsel was never made.