JOURNAL ENTRY AND OPINION
Defendant-appellant, Timothy Richards, Jr., appeals the decision of the Cuyahoga County Common Pleas Court that convicted him of felonious assault. For the reasons that follow, we reverse appellant's conviction and remand.
A review of the record reveals that the Cuyahoga County Grand Jury returned a one-count indictment against appellant for felonious assault, in violation of R.C. 2903.11. The events giving rise to the indictment occurred on March 20, 2000 when appellant allegedly attacked Kahlil Ausbrook (Ausbrook) with a kitchen knife at the home of Ausbrook's former girlfriend, Darlene Bradley. Ausbrook tried to drive home but was unable to do so and ended up at a nearby gas station. The police were called at which time Ausbrook identified appellant as the perpetrator.
At some point in preparing this case for trial, appellant apparently waived counsel and chose to represent himself. The trial court, nonetheless, had the public defender's office provide assistance throughout the trial. The jury eventually returned a verdict of guilty and appellant was sentenced to six years in prison.
Appellant is now before this court both pro se and with appellate counsel, assigning a total of ten errors for our review. Appellant's seventh pro se assignment of error, however is dispositive of this appeal and is therefore discussed out of turn.
 I.
In this pro se assignment of error, appellant claims he was denied a fair trial and that he did not voluntarily and intelligently waive his right to counsel, nor was such a waiver in writing.
Crim.R. 44 governs the assignment of counsel and provides, in part:
 (A) Counsel in serious offenses. Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
A serious offense is defined as any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim.R. 2(D). Felonious assault, as a second degree felony, is a serious offense. Consequently, in order for appellant to effectively waive his right to counsel and proceed pro se, appellant must have knowingly, intelligently and voluntarily waived his right to counsel. In order to validly waive this right, the trial court must comply with Crim.R. 44(C), which provides:
 Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing.
A review of the record reveals that appellant had been originally assigned attorney William Doyle as counsel, but that Attorney Doyle was dismissed and replaced with attorney Kathryn Thomas from the Public Defender's Office. On July 26, 2000, one week prior to the date scheduled for trial, appellant filed a Motion to Proceed to Trial Without Aid of Standby Counsel. Appellant specifically requested, in his own handwriting, that he be permitted to proceed to trial by jury as scheduled without the assistance of Attorney Thomas as standby counsel. Up until this point, there is nothing in the record to suggest that appellant would be proceeding pro se. His motion states that he is capable of controling [sic] the presentation of this case to the jury, to make motions, to argue points of law, to direct voir dire, to question witnesses and to address the court and jury at appropriate points in the trial. He then continues, stating that he is knowingly, voluntarily, and intelligently waiving his right to counsel[']s aid. Nonetheless, he states as his reason for filing this motion that Attorney Thomas will be out of the office for an indefinite period of time, and that he does not want the court to continue the case yet another time in order to appoint other standby counsel.
It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Moreover, the Sixth Amendment * * * guarantees that a defendant * * * has an independent constitutional right to self-representation. State v. Gibson (1976), 45 Ohio St.2d 366, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525,45 L.Ed.2d 562.
To effect a valid waiver of the right to counsel, it is necessary that the trial court make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right. Id. at paragraph two of the syllabus. Before concluding there has been a waiver, the court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself and that there are dangers in self-representation. State v. Ebersole (1995), 107 Ohio App.3d 288, 293.
The Gibson court applied the test set forth in Von Moltke v. Gillies (1948), 332 U.S. 708, 69 S.Ct. 316, 92 L.Ed. 309 to establish the requirements sufficient to satisfy this pretrial inquiry.
 * * * This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
Gibson, 45 Ohio St.2d at 377. Thus, a court cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely because that defendant manifests a desire, however eloquently stated, to represent himself. Nor can the court satisfy this responsibility by standby counsel. However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation as well as any other facts that would demonstrate that the defendant understood the entire matter.
In addressing appellant's motion on the record, the following colloquy took place:
 THE COURT: Now, Mr. Richards, the Court on a prior date suggested to you that you have counsel and you have important rights that are at stake here. You are not schooled in the law. So you put yourself to some degree of jeopardy here by representing yourself. They say that Well, I won't say what they say. But in any event, have you had a chance to think that over, and did you wish to proceed at this time? Are you freely waiving your right to counsel?
 APPELLANT: Yes. I would like to proceed pro se, your Honor.
 THE COURT: All right. Very well. The Court is insisting and I know you have filed a motion here not to have any attorneys, but I will not allow you to proceed without an attorney at the table. The attorneys that have been appointed for you are there for your consultation. They are not there as lead counsel. Do you understand that?
APPELLANT: Yes, your Honor.
THE COURT: All right. Very well.
From the record before this court, it cannot be said that appellant's decision to waive counsel and represent himself was made knowingly, intelligently or voluntarily, despite his written statement to the contrary. It is true that the trial court did try to warn appellant of the danger of self-representation. This is hardly sufficient, however.
It does appear that the decision to represent himself had been made at some point earlier than the filing of appellant's motion and the court had some discussion with appellant, apparently off the record, at that time. Nevertheless, there is nothing in the record, including the language contained in the above-referenced motion,[1] to suggest that appellant understood the statutory charges, the range of allowable punishments or the possible defenses to the charge against him in order for him to make a knowing and intelligent decision to represent himself. This court has previously found such lack of compliance to be reversible error and not subject to harmless-error review. See State v. Jackson (Aug. 2, 2001), Cuyahoga App. No. 78695, unreported, 2001 Ohio App. Lexis 3403; State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported, 2000 Ohio App. Lexis 1922.
While the dissent agrees that the record does not support strict compliance with the standard set forth in Von Moltke, it suggests that substantial compliance is sufficient. In particular, the dissent opines that the totality of the circumstances support that appellant was well versed in the law and that his background, experience and conduct during the pretrial proceedings and trial demonstrate that appellant understood that he was waiving his right to counsel. We disagree.
First, this court has not followed that line of cases from other districts that hold that substantial compliance is sufficient when effecting a waiver of the right to counsel. See State v. Jackson (Aug. 2, 2001), Cuyahoga App. No. 78695, unreported, 2001 Ohio App. Lexis 3403; State v. Melton (May 4, 2000), Cuyahoga App. No. 75792, unreported, 2000 Ohio App. Lexis 1922. To the contrary, both Melton and Jackson imply that there must be strict compliance with the standard set forth in Von Moltke in order to establish an effective waiver of the right to counsel.
Second, we disagree that the record supports that appellant is well versed in the law. Appellant is not a lawyer. Merely because he filed numerous pro se motions that appear to use lawyer-like language is not equivalent to an understanding of the law. Had this been the case, then he would have included the appropriate language in order to comport with Von Moltke at the time he filed his motion requesting to proceed without standby counsel. If he had done so, then our decision may have been different.
Consequently, appellant's seventh pro se assignment of error has merit and is sustained. Appellant's conviction is reversed and the matter is remanded for proceedings consistent with this opinion.
 II.
Due to our disposition of appellant's seventh pro se assignment of error, we need not address appellant's remaining assignments of error. See App.R. 12(A)(1)(c).
This cause is reversed and remanded for further proceedings consistent with the opinion herein.
It is, therefore, considered that said appellee recover of said appellant costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
DIANE KARPINSKI, A.J., CONCURS; and TERRENCE O'DONNELL, J., DISSENTS WITH DISSENTING OPINION.
[1] Even if we were to construe appellant's motion to forego standby counsel and proceed pro se as satisfying the requirement of a writing under Crim.R. 44(C), there is nothing in the record that demonstrates that appellant's decision to proceed pro se was made knowingly and intelligently in accordance with Gibson and Von Moltke.