OPINION
Appellant Lewis Thompson appeals his conviction and sentence for robbery in the Court of Common Pleas, Stark County. The appellee is the State of Ohio. The relevant facts leading to this appeal are as follows.
On May 23, 2000, appellant was involved in an alleged shoplifting incident at Canton Centre Mall, followed by a physical struggle with two store employees. Canton Police responded and arrested appellant. The Stark County Grand Jury indicted appellant on one count of robbery, a second-degree felony, on June 21, 2000. Appellant pled not guilty and decided to represent himself. He appeared for a pretrial with Attorney April Bible, an assistant county public defender, on July 31, 2000, at which time said counsel told the court that appellant no longer wanted her legal assistance. After a colloquy with appellant, the trial court procured a written waiver of counsel, and ordered Attorney Bible to serve on a standby basis.
The matter proceeded to a jury trial. At the conclusion of evidence, the jury found appellant guilty. The trial court sentenced appellant to a determinate six-year term of imprisonment. Thereafter, with the assistance of the Office of the Ohio Public Defender, appellant timely appealed. He herein raises the following sole Assignment of Error:
 I. LEWIS THOMPSON'S STATE AND FEDERAL CONSTITUTIONAL RIGHTS TO THE ASSISTANCE OF COUNSEL WERE VIOLATED WHEN HE WAS TRIED AND CONVICTED WITHOUT THE BENEFIT OF COUNSEL AND IN THE ABSENCE OF A KNOWING, INTELLIGENT, AND VOLUNTARY WAIVER OF HIS RIGHT TO THE ASSISTANCE OF COUNSEL.
 I
In his sole Assignment of Error, appellant argues that he did not make a knowing, intelligent, and voluntary waiver of his right to counsel, thus warranting a reversal of his conviction. We agree.
Pursuant to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution, a criminal defendant has a right to counsel. A criminal defendant may waive this right either expressly or impliedly from the circumstances of the case. State v. Weiss (1993), 92 Ohio App.3d 681, 685. An effective waiver requires the trial court to "* * * make sufficient inquiry to determine whether [the] defendant fully understands and intelligently relinquishes that right." State v. Gibson (1976), 45 Ohio St.2d 366, paragraph two of the syllabus. A trial court must consider the totality of the circumstances before it can be satisfied that a waiver has been made knowingly, intelligently and voluntarily. State v. Drake (May 22, 2001), Perry App. No. 00CA10, unreported. In order to have a valid waiver, the trial court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself, and that there are dangers inherent in self-representation.State v. Ebersole (1995), 107 Ohio App.3d 288, 293, citing Faretta v.California (1975), 422 U.S. 806, 814. In the Gibson case, the Ohio Supreme Court applied the test set forth in Von Moltke v. Gillies
(1948), 332 U.S. 708, which established the requirements for a sufficient pretrial inquiry by the trial court with respect to a waiver: "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." Id. at 724.
Crim.R. 44 also addresses the appointment of counsel and waiver of counsel. This rule provides, in pertinent part:
 (A) Counsel in serious offenses: Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel.
Strict compliance with Crim.R. 44 is not required so long as the substance and spirit of that rule have been followed. Ebersole at 293, citing State v. Overholt (1991), 77 Ohio App.3d 111, 115. "However, even where the waiver of counsel is implied, there must be a pretrial inquiry as to the waiver of the right to counsel." State v. Glasure (1999),132 Ohio App.3d 227, 236.
The record in the case sub judice reveals the following exchange:
 * * * THE COURT: On the basis of this Court's ruling, is it still your intention to go forward and represent yourself in this case?
DEFENDANT: Yes.
 THE COURT: All right. The Court has a form here which is a waiver of counsel form. This basically states that you are entitled to appointed counsel. You have been provided appointed counsel and —
DEFENDANT: Yes.
 THE COURT: — she's standing next to you, and it's indicated that you are refusing to be represented by appointed counsel and you wish to represent yourself in this case pro se?
DEFENDANT: Yes, ma'am.
 THE COURT: And you're waiving your right to be represented by appointed counsel. If that's, in fact, the case, then you are free to execute that waiver of counsel form and then we will proceed. Mr. Norcia, you need to give him a pen.
 Do you understand your right to appointed counsel?
DEFENDANT: Yes.
Tr. of Suppression Hearing, at 6-7.
At that point, Attorney Bible updated the court on the status of discovery and certain pending motions, after which the court's colloquy with appellant continued as follows:
 THE COURT: * * * Mr. Thompson, the Court has before it a waiver of counsel form which you have just signed in open court and that is, in fact, your signature, correct?
DEFENDANT: Yes, it is.
 THE COURT: Have you signed this waiver of your own free will?
DEFENDANT: Yes.
 THE COURT: Do you understand that you do have the right to have appointed counsel and you're waiving that right?
DEFENDANT: Yes.
 THE COURT: And you wish to represent yourself in this case?
DEFENDANT: Yes.
 THE COURT: Okay. The Court has determined that the Defendant has knowingly and voluntarily waved (sic) his right to appointed counsel. Court is going to ask that prior to this hearing beginning that the Bailiff at this moment please file this waiver of counsel form.
 I am going to request that the Public Defender remain in this courtroom during the hearing.
 Mr. Thompson, if you wish to inquire and ask Attorney Bible any questions with respect to procedural matters, she's available to you. She's still your appointed counsel — I mean she's still available to you for appointment as counsel, but you suggested and indicated to this court that you do not want counsel. She will be available if you have any questions that you wish to ask of her though.
Thank you, Attorney Bible.
 All right. Inasmuch as the Bailiff is filing that waiver of counsel at this time, let us proceed in this case.
Tr. of Suppression Hearing, at 8-9.
The gist of the above colloquy is similar to that found in the facts ofState v. Campbell (Oct. 4, 1999), Stark App. No. 1999CA00041, unreported, wherein this Court reviewed a defendant's waiver of counsel under the guidance of Gibson, supra, and reversed the conviction. As in Campbell,
the trial court in the case sub judice engaged in pretrial inquiry and properly reiterated to appellant that he had a right to appointed counsel, and furthermore ensured that appellant signed a waiver form. Thus, the court took extensive steps to assess the voluntariness of appellant's actions. However, Ohio law clearly requires recitation, to a defendant seeking self-representation, of the nature of the charge against him, the statutory offenses included within it, the range of allowable punishments thereunder, possible defenses to the charge and circumstances in mitigation thereof, and other facts essential to appellant's broad understanding of the matter. Additionally, the record reveals no inquiry by the trial court into the reasons behind appellant's abrupt objections to the services of an experienced public defender. Cf. State v. Prater (1990), 71 Ohio App.3d 78. Thus, we must herein conclude that appellant's waiver of counsel was not knowingly, voluntarily, and intelligently given.
Appellant's sole Assignment of Error is sustained.
For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: WISE, J., GWIN, P. J., and BOGGINS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.