DECISION
This cause came on to be considered upon a notice of appeal, the transcript of the docket and journal entries, the transcript of proceedings and original papers from the Warren County Court of Common Pleas, and upon a brief filed by appellant's counsel and a pro se brief filed by appellant, oral argument having been waived.
Counsel for defendant-appellant, Robert E. Perdue, filed a brief with this court pursuant to Anders v. California (1967), 386 U.S. 738,87 S.Ct. 1396, which (1) indicates that a careful review of the record from the proceedings below fails to disclose any errors by the trial court prejudicial to the rights of appellant upon which an assignment of error may be predicated; (2) lists one potential error "that might arguably support the appeal," Anders, at 744, 87 S.Ct. at 1400; (3) requests that this court review the record independently to determine whether the proceedings are free from prejudicial error and without infringement of appellant's constitutional rights; (4) requests permission to withdraw as counsel for appellant on the basis that the appeal is wholly frivolous; and (5) certifies that a copy of both the brief and motion to withdraw have been served upon appellant.
Appellant has filed a pro se brief raising assignments of error pertaining to the waiver of his right to counsel and the trial court's failure to allow him to participate in bench conferences during trial. We have accordingly examined the record, the potential assignment of error presented in counsel's brief, and the assignments of error in appellant's pro se brief.
Appellant's assignment of error claiming that he did not waive his right to counsel is without merit. A criminal defendant has a constitutional right to represent himself. State v. Kennan (1998),81 Ohio St.3d 133, 138, certiorari denied, 525 U.S. 860, 119 S.Ct. 146
citing Faretta v. California (1975), 422 U.S. 806, 95 S.Ct. 2525. The right to counsel may be waived and the accused may represent himself so long as the court is satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself and is aware of the dangers inherent in self-representation. State v. Ebersole (1995), 107 Ohio App.3d 288,293. See, also, State v. Gibson (1976), 45 Ohio St.2d 366.
The trial court appointed counsel to represent appellant. Appellant then chose to represent himself when counsel refused to raise, at appellant's behest, what counsel considered to be an unethical defense. The court denied appellant's request to have a female attorney appointed to represent him and strongly urged appellant not to proceed without the assistance of counsel.[1] Although appellant elected to represent himself, the trial court still made appointed counsel available for consultation with appellant during trial. The record demonstrates that appellant clearly understood the ramifications of conducting his own defense, and we find that his waiver of counsel was voluntarily, knowingly and intelligently made.
Appellant's remaining pro se assignment of error claims the trial court erred by prohibiting appellant from participating in sidebar conferences.[2] Appellant's appointed counsel was present during trial and participated in all bench conferences and consulted with appellant after each sidebar. Moreover, appellant has waived any error since there was no request that the sidebar conferences be recorded. State v. Grant
(1993), 67 Ohio St.3d 465, certiorari denied (1994), 513 U.S. 836,115 S.Ct. 116. We accordingly find no meritorious issues for review in appellant's pro se assignments of error.
Upon independently examining the record, we found one error prejudicial to appellant's rights in the proceedings in the trial court. The trial court's sentencing order required appellant to pay court-appointed counsel fees. In State v. Cooper (Feb. 19, 2002), Butler App. No. CA2001-03-063, unreported, this court held that under R.C. 2941.51(D), a trial court may require an indigent defendant to pay court-appointed counsel costs only after the court has made "an affirmative determination on the record" that the accused has, or reasonably may be expected to have, the means to pay all or some part of the costs of legal services rendered on his or her behalf. Id. at 19. There is no such affirmative determination in the record before us.
Under such circumstances, Anders would seemingly dictate that we appoint new counsel to brief and argue this issue. However, we find that the total absence in the record of any determination in compliance with R.C. 2941.51(D) constitutes plain error which we may take immediate action to remedy. See Penson v. Ohio (1988), 488 U.S. 75,109 S.Ct. 346.
In all other respects, our examination of the record discloses no other errors prejudicial to appellant's rights in the proceedings in the trial court.
Therefore, it is the order of this court that the motion of counsel for appellant requesting to withdraw as counsel is granted, and that portion of appellant's sentence ordering him to pay attorney fees is hereby reversed and the matter remanded for a determination pursuant to R.C.2941.51(D) regarding appellant's ability to pay court-appointed attorney fees. See Cooper.
POWELL, P.J., YOUNG and VALEN, JJ., concur.
[1] Appellant claimed he was a victim of the "good old boy" system comprised of the judge, prosecutor and all male attorneys, making it impossible for anyone other than a female attorney to provide an adequate defense.
[2] Appellant, like all other criminal defendants, was kept in leg shackles during trial and had to remain seated at the defense table so the jury would not see the shackles and be unduly influenced by them. The trial court advised appellant before trial that he would be subject to this restriction.