OPINION
[¶ 1] Defendant-Appellant, Kellis Hatton, Jr. ("Appellant"), appeals a decision by the Defiance County Common Pleas Court finding him guilty of both domestic violence and violating community control sanctions, resulting in a nine-month sentence of imprisonment for the domestic violence conviction to be served consecutively to the re-imposed suspended sentence for violating community control sanctions. On appeal, Appellant maintains that the trial court erred by accepting his waiver of counsel without explaining the minimum legal knowledge required for self-representation and by failing to appoint shadow counsel for his defense. However, based upon the extensive dialogue between the trial court and Appellant, including multiple discussions of the dangers inherent in self-representation and potential ramifications of a finding of guilt, we find that Appellant's waiver was intelligent, knowing, and voluntary. Accordingly, we affirm the judgment of the trial court.
[¶ 2] Facts and procedural posture pertinent to the issues raised on appeal are as follows. On July 29, 2001, Appellant was released from prison under community control sanctions as a result of a prior conviction for trafficking in cocaine. Thereafter, on March 20, 2002, Appellant was indicted for one count of domestic violence[1] for actions taken against his teenage daughter. As a result of the indictment, a hearing was held to determine whether probable cause supported that Appellant violated community control. Appellant waived his right to counsel and, after hearing the evidence presented, the court entered a finding of probable cause.
[¶ 3] On April 10, 2002, Appellant again waived his right to counsel and entered a not guilty plea to the domestic violence charge. A bench trial was conducted on May 29, 2002, and after the presentation of evidence by both the state and Appellant, the court found Appellant guilty of domestic violence, resulting in a concomitant violation of community control. Thereafter, Appellant was sentenced to nine months for the domestic violence conviction to be served consecutively to the remainder of his previously suspended sentence for trafficking.
[¶ 4] From this decision, Appellant appeals, asserting the following assignment of error for our review: "The trial court erred to the prejudice of the defendant-appellant by failing to adequately advise the defendant-appellant as to the minimum legal knowledge required to represent himself and failing to appoint an attorney to stand by to assist the defendant-appellant in representing himself."
[¶ 5] According to the Sixth and Fourteenth Amendments to the United States Constitution and Section 10, Article 1 of the Ohio Constitution, every criminal defendant is afforded the right to counsel.[2] Additionally, criminal defendants are afforded "an independent constitutional right of self-representation" when a valid waiver of counsel is accepted by a court.[3] A waiver of the right to counsel must pass constitutional standards before the waiver will be effective.[4] Thus, "[b]efore the right to counsel can be waived, a court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself. And, he should be informed of the dangers inherent in self-representation."[5] Crim.R. 44(C) provides, in part, that a "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." We have previously held that strict compliance with the form of this procedural rule is not required as long as there is substantial compliance with the substance and spirit of the rule.[6] Thus, pursuant to Crim.R. 44(C), a valid waiver of the right to counsel by a criminal defendant may be either express or implied.[7] A waiver may be inferred from the circumstance surrounding a case, including the actions of the defendant.[8]
 [¶ 6] Turning to the specific circumstances of this case, we find that the facts support a valid waiver. At the initial probable cause hearing, the trial court informed Appellant of potential ramifications he would face if found guilty of violating community control. Thereafter, the court explained to Appellant that he had a right to an attorney and that one could be appointed at the court's expense. Despite being admonished of the importance placed on the right to an attorney, Appellant orally waived the right and signed a written waiver. Prior to signing, Appellant stated he read the waiver form and understood its contents. Following this exchange, the trial court accepted Appellant's waiver of counsel.
[¶ 7] Thereafter, Appellant appeared before the court for the community control violation adjudicatory hearing. This hearing was eventually continued, apparently because Appellant had matters pending before the juvenile court; however, prior to the continuance, the court engaged in a dialogue with Appellant concerning his right to counsel. Therein, the court strongly urged Appellant to hire an attorney and informed him of the potential dangers of self-representation, including the varying burdens of proof, the effect his potential testimony could have on the pending domestic violence case, and that technical matters exist, which warrant an attorney. Appellant, however, stated that he "know[s] how the system goes a little bit" and that he would rather represent himself. The trial court again accepted his waiver.
[¶ 8] Appellant subsequently appeared before the trial court for arraignment on the domestic violence charge. During this appearance, further discussion ensued as to Appellant's waiver of counsel. Appellant was again informed of and he acknowledged his understanding of the charge and the potential penalties associated therewith. The court further explained that Appellant had a right to an attorney and that one could be appointed. In response, Appellant stated that he could afford an attorney and was granted a continuance to locate one.
[¶ 9] The proceedings resumed on April 10, 2002, in a combined adjudicatory hearing for both the domestic violence and community control violation charges; however, Appellant again appeared without counsel. After the court's inquiry, Appellant stated that he "wasn't going to spend no $800 [on an attorney]" and would rather represent himself because "[he] know[s] a little bit about what [he's] doing." The court then proceeded to explain that while he has a right to self-representation, "as a practical matter [it] is not a particularly good idea because they're [sic] certain rules that have to be followed[,]" including the Rules of Criminal Procedure and those contained in the Revised Code. The court further explained that one function of an attorney is to ensure that the case is properly presented. Despite the court's continued efforts, Appellant orally waived his right to an attorney and signed an additional waiver, which he again read and acknowledged his understanding thereof.
[¶ 10] Based upon the multiple colloquies between Appellant and the trial court, clearly Appellant was apprised of his right to an attorney and the inherent dangers of self-representation. Moreover, the trial court informed him of the seriousness of the proceedings and the potential ramifications of a finding of guilt. Accordingly, based upon these facts, Appellant made a voluntary and intelligent waiver of counsel. While Appellant implores this Court to adopt a requirement that trial courts apprise defendant's of the minimum legal knowledge for self-representation and appoint shadow counsel, we decline such opportunity in light of the existing standards established for a valid acceptance of a waiver of counsel.
[¶ 11] For these reasons, Appellant's assignment of error is overruled.
[¶ 12] Having found no error prejudicial to Appellant herein, in the particulars assigned and argued, the judgment of the trial court is affirmed.
Judgment affirmed.
 SHAW, P.J., and HADLEY, J., concur.
[1] R.C. 2919.25(A).
[2] State v. Kitsemble (Sept. 30, 1998), Mercer App. No. 10-98-05.
[3] State v. Gibson (1976), 45 Ohio St.2d 366, paragraphs one and two of the syllabus.
[4] Kitsemble, supra, citing State v. Ebersole (1995),107 Ohio App.3d 288, 292-93.
[5] Id., quoting Ebersole, 107 Ohio App.3d at 293; Gibson,45 Ohio St.2d at 366.
[6] Ebersole, 107 Ohio App.3d at 293, citing State v. Overholt
(1991), 77 Ohio App.3d 111, 115.
[7] Kitsemble, supra, citing Ebersole, 107 Ohio App.3d at 293.
[8] Ebersole, 107 Ohio App.3d at 293, citing State v. Crebs (1987),42 Ohio App.3d 50, 52 and State v. Hook (1986), 33 Ohio App.3d 101,103.