JOURNAL ENTRY AND OPINION
{¶ 1} Defendant-appellant Ray Perry ("appellant") appeals from the judgment of the trial court which, after a jury trial, found him guilty of escape. For the reasons set forth below, we reverse the judgment of the trial court.
 {¶ 2} On March 18, 2002, appellant was indicted on one count of escape in violation of R.C. 2921.34, a charge that is felony of the second degree because of appellant's underlying conviction for aggravated burglary. The record reveals that on April 11, 2002 the court assigned counsel to appellant, after which he pled not guilty to the indictment.
 {¶ 3} Appellant's assigned counsel filed a series of motions from April 11, 2002 through April 29, 2002. On May 1st, appellant filed a pro se motion to dismiss and on the next day filed a pro se "compromise." On May 6, 2002, appellant filed a pro se motion to set trial date and notice of appeal. On May 10, 2002, a pretrial was held and, at the request of appellant, trial was set for June 3, 2002. On June 2, 202, appellant and assigned counsel appeared in court, at which time the matter was continued. On June 12, 2002, with assigned counsel present, appellant retracted his former plea of not guilty and entered a guilty plea to a lesser offense of attempted escape, as amended in the indictment.
 {¶ 4} On June 17, 2002 appellant filed a pro se notice that defendant withdraws guilty plea and a pro se notice that court appointed attorney is fired. Thereafter, appellant filed a series of pro se motions, including motions to withdraw his guilty plea, which the trial court granted. The matter proceeded to a jury trial on September 23, 2002. After a colloquy between the trial judge and appellant, appellant proceeded with the trial pro se, with some assistance from assigned counsel.
 {¶ 5} At trial, appellant's parole officer, Robert Gentry testified on behalf of the State of Ohio. He stated that he supervised appellant's parole beginning on August 23, 2001. Gentry testified that pursuant to the terms of his parole, appellant was required to call Gentry the first Tuesday of every month and to visit Gentry on the third Tuesday of every month. Gentry stated that after the initial meeting with appellant, appellant contacted him only three times, on September 4, September 11, and September 18. Gentry testified that after appellant failed to contact him, he sent a letter to appellant notifying him of his failure to report, and instructing him to visit Gentry on December 11, 2001 in Gentry's office. Appellant did not show for the visit. Gentry sent another letter on December 24, 2001 instructing appellant to visit Gentry and warning that if he failed to show, a warrant for his arrest would be issued. Appellant failed to show for the visit, and appellant was thereafter arrested for escape. It is from this ruling that appellant now appeals, asserting two assignments of error for our review.
 {¶ 6} "I. Appellant Ray Perry was denied the right to representation of an attorney when he did not effectively waive his right to counsel and the court did not properly inquire."
 {¶ 7} In his first assignment of error, appellant contends that he did not effectively waive his right to counsel and that the trial court failed to conduct a proper inquiry regarding the issue of waiver.
 {¶ 8} Crim. R. 44 governs the assignment of counsel and provides, in relevant part:
 {¶ 9} "(A) Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."
 {¶ 10} A serious offense is defined as any felony, and any misdemeanor for which the penalty prescribed by law includes confinement for more than six months. Crim. R. 2(D). Escape, as a second degree felony is a serious offense. Therefore, in order for appellant to effectively waive his right to counsel, he must do so knowingly, intelligently and voluntarily. Further, the trial court must comply with Crim. R. 44(C) which states:
 {¶ 11} "(C) Waiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22. In addition, in serious offense cases the waiver shall be in writing."
 {¶ 12} This court has addressed the importance of a defendant's decision to waive his right to counsel, stating:
 {¶ 13} "It is axiomatic that a criminal defendant has a right to counsel pursuant to the Sixth andFourteenth Amendments to the United States Constitution and Section 10, Article I of the Ohio Constitution. Moreover, the Sixth Amendment * * * guarantees that a defendant * * * has an independent constitutional right to self-representation. State v.Gibson (1976), 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph one of the syllabus, citing Faretta v. California (1975), 422 U.S. 806,95 S.Ct. 2525, 45 L.Ed.2d 562.
 {¶ 14} "To effect a valid waiver of the right to counsel, it is necessary that the trial court make sufficient inquiry to determine whether defendant fully understands and intelligently relinquishes that right. Id. at paragraph two of the syllabus. Before concluding there has been a waiver, the court must be satisfied that the defendant made an intelligent and voluntary waiver with the knowledge that he will have to represent himself and that there are dangers in self-representation.State v. Ebersole (1995), 107 Ohio App.3d 288, 293, 668 N.E.2d 934.
 {¶ 15} "The Gibson court applied the test set forth in Von Moltkev. Gillies (1948), 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 to establish the requirements sufficient to satisfy this pretrial inquiry.
 {¶ 16} "This protecting duty imposes the serious and weighty responsibility upon the trial judge of determining whether there is an intelligent and competent waiver by the accused. To discharge this duty properly in light of the strong presumption against waiver of the constitutional right to counsel, a judge must investigate as long and as thoroughly as the circumstances of the case before him demand. The fact that an accused may tell him that he is informed of his right to counsel and desires to waive this right does not automatically end the judge's responsibility. To be valid such waiver must be made with an apprehension of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter.
 {¶ 17} "Gibson, 45 Ohio St.2d at 377. Thus, a court cannot abdicate its responsibility to sufficiently inform a criminal defendant as to that defendant's waiver of the right to counsel merely because that defendant manifests a desire, however eloquently stated, to represent himself. Nor can the court satisfy this responsibility by standby counsel. However laudable, such appointments do not absolve the trial court from its responsibility to insure that the defendant is aware of the range of allowable punishments, the possible defenses to the charges and circumstances that might serve in mitigation as well as any other facts that would demonstrate that the defendant understood the entire matter.
 {¶ 18} "* * * There is nothing in the record * * * to suggest that appellant understood the statutory charges, the range of allowable punishments or the possible defenses to the charge against him in order for him to make a knowing and intelligent decision to represent himself. This court has previously found such lack of compliance to be reversible error and not subject to harmless-error review. See State v. Jackson
(Aug. 2, 2001), Cuyahoga App. No. 78695; State v. Melton (May 4, 2000), Cuyahoga App. No. 75792." State v. Richards (Sept. 20, 2001), Cuyahoga App. No. 78457.
 {¶ 19} We apply the foregoing analysis to the instant case and find that, while appellant understood the statutory charges and the range of allowable punishments, he was unaware of the possible defenses to the charge against him and was therefore unable to proceed in defending himself. The following is the colloquy between the court and appellant:
 {¶ 20} "THE COURT: * * * Mr. Perry, as you know, [counsel], he's assigned by the Court to represent you in this case.
 {¶ 21} "APPELLANT: I'll represent myself, your Honor.
 {¶ 22} "THE COURT: I need to therefore read you this document and have you sign it, if that's your desire, sir. It will state, I, Ray Perry, wish to voluntarily relinquish my right to counsel.
 {¶ 23} "APPELLANT: I don't wish to sign anything, your Honor.
 {¶ 24} "THE COURT: Well, then I can't allow you to proceed until we get some kind of waiver that you are waiving your right to counsel in the case.
 {¶ 25} "APPELLANT: I'm not waiving my right to counsel. He's a stand-in."
 {¶ 26} "THE COURT: You're waiving your right to counsel.
 {¶ 27} "APPELLANT: No, I'm not waiving any rights, your Honor.
 {¶ 28} "THE COURT: I'll read you this; I, Ray Perry, wish to voluntary (sic.) relinquish my right to counsel. I understand that the United States constitution and constitution of the State of Ohio guarantee me the right to representation in any criminal proceeding.
 {¶ 29} "I understand that even if I am unable to afford an attorney, one would be appointed a no cost to me. I have full knowledge of my rights as provided in the federal and state constitutions, and I wish to relinquish my right to be represented by a licensed attorney. It is my intention to proceed in this matter pro se; Latin phrase meaning, on my own behalf, and apparent.
 {¶ 30} "Currently under indictment in the above-captioned matter. Indictment charges a single count of escape in violation of Revised Code Section 2921.34. As charged, this is a felony of the second degree. * * *
 {¶ 31} "And felonies of the second degree carry with them a presumption of incarceration of either two, three, four, five, six seven or eight years in a state penal or reformatory institution, in addition to a five-year mandatory period of post-release control.
 {¶ 32} "The Ohio Supreme Court has determined that Ray Perry, as a defendant in a criminal case, has an independent constitutional right to self-representation. He is being made fully aware of the facts and evidence in this case, and has, in fact, been so made aware during the long course of this case.
 {¶ 33} "Do you understand, sir that the burden of proof is on the state to establish this defense beyond a reasonable doubt? Mr. Perry, do you understand that?
 {¶ 34} "APPELLANT: Yes, your honor.
 {¶ 35} "THE COURT: Do you understand the defenses that you may employ?
 {¶ 36} "APPELLANT: No, would you go over them?
 {¶ 37} "THE COURT: I assume [assigned counsel] has made you aware of the potential defenses in the case. [Assigned counsel], is that correct?
 {¶ 38} "APPELLANT: He hasn't made me aware of any defenses, your Honor."
 {¶ 39} (T. 42-45). While assigned counsel stated on the record that he had informed appellant of possible defenses, appellant denied that he was told of such defenses, after which the trial court made no further inquiry regarding appellant's ability to defend himself. While the trial court proceeded to warn appellant about some of the dangers of self-representation, this was not sufficient to effective a valid waiver of his right to counsel. Appellant was not aware of his right to subpoena witnesses in his defense and was therefore unable to successfully mount a defense for himself. Appellant was prejudiced by the trial court's failure to ensure that he made a knowing and voluntary decision to represent himself. We therefore sustain appellant's first assignment of error.
 {¶ 40} "II. There was insufficient evidence to prove the escape charge especially as it related to the prior conviction.
 {¶ 41} Consistent with our determination in appellant's first assignment of error in which we reversed his conviction, we find his second assignment of error to be moot.
 {¶ 42} Appellant's conviction is reversed and the matter is remanded for further proceedings consistent with this opinion.
PATRICIA ANN BLACKMON, P.J., AND FRANK D. CELEBREZZE, JR., J., CONCUR.