[Cite as *State v. Overton*, 2013-Ohio-3590.]

COURT OF APPEALS
MORROW COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Patricia A. Delaney, J. |
| | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| DANIEL W. OVERTON | : | Case No. 12CA0019 |
| | : | |
| | : | |
| Defendant - Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:          Appeal from the Morrow County
                                 Court of Common Pleas, Case No.
                                 2009-CR-0133


JUDGMENT:                        Reversed and Remanded


DATE OF JUDGMENT:                August 5, 2013


APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

TOM C. ELKIN                              WILLIAM T. CRAMER
Morrow County Assistant Prosecutor        470 Olde Worthington Road
60 East High Street                       Suite 200
Mt. Gilead, OH 43338                      Westerville, OH 43082

*Baldwin, J.*

{¶1}    Appellant Daniel W. Overton appeals a judgment of the Morrow County Common Pleas Court revoking his community control and sentencing him to a previously suspended sentence of three years incarceration.  Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶2}    In 2009, appellant was convicted upon a plea of guilty of one count of illegal use of a minor in nudity oriented material (R.C. 2907.323) and  tampering with evidence (R.C. 2921.12(A)(1)).  He was sentenced to 11 months incarceration for use of a minor in nudity oriented material and three years incarceration for tampering with evidence.  The sentences were to run concurrently, and were both suspended on the condition that appellant successfully complete a five year community control sanction.

{¶3}    A motion to revoke appellant's community control was filed in April of 2012, alleging that appellant refused recommended treatment from Central Ohio Mental Health.  Counsel was appointed to represent appellant.  Appellant requested a competency evaluation in May of 2012.  Following this evaluation, appellant was conveyed to Twin Valley Behavioral Health Care (hereinafter "Twin Valley") until he could be restored to competency.

{¶4}    On August 10, 2012, the State filed a supplemental motion to revoke appellant's community control sanction.  The motion to revoke alleged that after being ordered to surrender inappropriate DVD's in his possession at Twin Valley, he punched, kicked, bit and spit on Twin Valley staff.  The motion further alleged that appellant's

mother had called his probation officer to report that when cleaning out appellant's apartment, she found a large collection of pornographic magazines and DVD's.   The court found appellant competent to proceed on August 13, 2012, after receiving a report from Twin Valley staff which indicated that appellant did not need further hospitalization. The court set a merit hearing for September 13, 2012.

{¶5}   Although represented by counsel, appellant filed a plethora of pro se motions between August, 2012, and the date of the merit hearing:  motion to remove Donald Wick as counsel, motion to remove Charles Howland as prosecutor, proof of conflict of interest, motion for discovery, motion to change venue, motion for further investigation, motion to suppress, motion to dismiss, motion to be released, and motion to revoke power of attorney.  At the start of the hearing, the court addressed appellant's motion to remove his counsel and allowed appellant to proceed pro se, with standby counsel.

{¶6}   The hearing was not completed on September 13, and continued on November 1, 2012.  Between these dates, appellant filed pro se motions for habeus corpus, a motion to dismiss, and a motion for a conference with the prosecutor.

{¶7}   At the end of the hearing, the court found that appellant had violated the terms of his community control by refusing recommended treatment from Central Ohio Mental Health, physically attacking staff at Twin Valley, and possessing pornographic material.  The court revoked appellant's community control and imposed the previously suspended sentence of three years incarceration.  Appellant assigns a single error to this court on appeal:

{¶8} "APPELLANT'S RIGHTS TO COUNSEL UNDER THE SIXTH AMENDMENT TO THE U.S. CONSTITUTION AND THE OHIO CONSTITUTION, ARTICLE I, SECTION 10, WERE VIOLATED WHEN THE TRIAL COURT PERMITTED HIM TO PROCEED PRO SE WITHOUT ENSURING THAT HIS WAIVER OF COUNSEL WAS KNOWING, INTELLIGENT, AND VOLUNTARY."

{¶9} The Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution provide that a criminal defendant has a right to counsel. A criminal defendant may waive his right to counsel, but an effective waiver requires the court to make a sufficient inquiry to determine whether the defendant fully understands and intelligently relinquishes the right to counsel. *State v. Gibson*, 45 Ohio St.2d 366, 345 N.E.2d 399, paragraph two of the syllabus (1976). The defendant must make an intelligent and voluntary waiver with the knowledge he will have to represent himself, and that there are dangers inherent in self-representation. *State v. Ebersole* , 107 Ohio App.3d 288, 293, 668 N.E.2d 934 (1995), citing *Faretta v. California*, 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975).

{¶10} In *Gibson*, *supra*, the Ohio Supreme Court applied the test set forth in *Von Moltke v. Gillies,* 332 U.S. 708, 68 S.Ct. 316, 92 L.Ed. 309 (1948), which established the requirements for a sufficient pretrial inquiry by the trial court into a waiver of counsel:

{¶11} "To be valid such waiver must be made with an apprehension of the nature of the charges, the statutory offenses included within them, the range of allowable punishments thereunder, possible defenses to the charges and circumstances in mitigation thereof, and all other facts essential to a broad understanding of the whole matter. A judge can make certain that an accused's

professed waiver of counsel is understandingly and wisely made only from a penetrating and comprehensive examination of all the circumstances under which such a plea is tendered." *Id.* at 724.

{¶12}  Crim.R. 44 also addresses the appointment of counsel and waiver of counsel. This rule provides, in pertinent part, "Where a defendant charged with a serious offense is unable to obtain counsel, counsel shall be assigned to represent him at every stage of the proceedings from his initial appearance before a court through appeal as of right, unless the defendant, after being fully advised of his right to assigned counsel, knowingly, intelligently, and voluntarily waives his right to counsel."

{¶13}  Prior to inquiring into appellant's desire to represent himself, the trial court did explain the charges against him.  The trial court engaged appellant in the following colloquy as to his decision to waive counsel:

{¶14}  "Unless there is good cause, my usual ruling on that is you get one court-appointed counsel and if you don't want that attorney to represent you, then you can be pro se.  You can represent yourself.  I usually have that attorney on the sidelines, if necessary, for you to consult with on technical legal matters.  That's pretty much the way it is.

{¶15}  "I guess it would make Mr. Wick's life easier.  He would be on the sidelines just observing and giving you advice on legal issues if you want it.  I don't know that I can deny you your right to be your own attorney.  There is an old saying, maybe I shouldn't say this, but I'm going to, for attorneys at least, an attorney who represents himself has a fool for a client.  That may be something that you might want to consider.

{¶16} "MR. OVERTON: I also would like to say there is another saying if you want something done right, you have got to do it yourself.

{¶17} "THE COURT: Well, you know –

{¶18} "MR. OVERTON: Mr. Wick I do not believe has been forthcoming as to making a valiant effort as to helping me because every time I have called him, his secretary has said he is on his way to come speak to me and he has not done so. He has missed several appointments to which his – he himself has said and his secretary has said and he has dodged the majority of the calls.

{¶19} "THE COURT: Okay. Well, you – you are asking to be pro se, but you are asking for somebody else to be appointed and its, if you want to be pro se, like I said, I can't deny you the right to be pro se."

{¶20} Tr. 11-12.

{¶21} The trial court did not make sufficient inquiry into appellant's decision to waive counsel. The court did not inquire into whether appellant understood the dangers of self-representation, and did not inquire as to whether appellant understood the defenses available to him and whether appellant had a broad understanding of the issues in the case.

{¶22} The circumstances surrounding appellant's waiver are particularly troublesome because the court had previously found appellant to be incompetent to stand trial, and appellant had only recently been restored to competency. Shortly after the hearing began, standby counsel stated to the court that he had known appellant for a substantial period of time, and he did not believe appellant was in the proper state of mind to adequately represent himself at that time. Tr. 22. Upon further questioning by

the court, counsel stated that based on his contacts with appellant in the past, appellant did not appear as capable of representing himself as he had at other times. Tr. 23. The trial court understood counsel's concerns, but ruled that he could not deny appellant the right to appear pro se and told counsel to assist appellant with questions of law if appellant requested his assistance.

{¶23} The court did not make sufficient inquiry into appellant's waiver of his right to counsel to ensure that the waiver was knowing, intelligent, and voluntary, particularly in light of the concerns expressed by counsel concerning appellant's mental state and his recent restoration to competency.

{¶24} The assignment of error is sustained.

{¶25}   The judgment of the Morrow County Common Pleas Court is reversed, and this case is remanded to that court for further proceedings.   Costs assessed to appellee.

By: Baldwin, J.

Hoffman, P.J. and

Delaney, J. concur.

_____

HON. CRAIG R. BALDWIN

_____

HON. WILLIAM B. HOFFMAN

_____

HON. PATRICIA A. DELANEY

CRB/rad

[Cite as *State v. Overton*, 2013-Ohio-3590.]

IN THE COURT OF APPEALS FOR MORROW COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff - Appellee | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| DANIEL W. OVERTON | : | |
| | : | |
| Defendant - Appellant | : | CASE NO. 12CA0019 |

For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Morrow County, Ohio is reversed and remanded. Costs assessed to appellee.

_____
HON. CRAIG R. BALDWIN


_____
HON. WILLIAM B. HOFFMAN


_____
HON. PATRICIA A. DELANEY