DECISION AND JUDGMENT ENTRY
{¶ 1} Angela Ferguson appeals her conviction in the Jackson County Municipal Court for menacing. Ferguson contends that her conviction is not supported by sufficient evidence. Because the record contains evidence that, if believed, would convince the average mind of Ferguson's guilt beyond a reasonable doubt, we disagree. Ferguson next contends that the trial court deprived her of her constitutional right to counsel. Because the trial court presumed an implied waiver of the right to counsel, when the record does not demonstrate that Ferguson has experience with the judicial system and the trial court did not apprise Ferguson of the pitfalls of self-representation, we agree. Finally, Ferguson contends that the trial court abused its discretion in denying her a jury trial. Because Ferguson may demand a jury trial in accordance with the Criminal Rules on remand, this assignment of error is moot. Accordingly, we reverse the judgment of the trial court and remand this cause for further proceedings consistent with this opinion.
 I. {¶ 2} Leann Tackett, the estranged wife of Ferguson's boyfriend, Mark Tackett, signed a complaint in Jackson County Municipal Court alleging Ferguson made a threat that caused Leann to believe that Ferguson would cause imminent physical harm to her. The incident occurred after Ferguson went with Mark to pick up Mark and Leann's daughter, Megan, from Leann's home.
 {¶ 3} Mark and Leann had argued earlier in the day about their divorce settlement. During the argument, Mark told Leann, "I'll make sure you get yours," and Leann accused Mark of threatening her. Due to the intensity of the argument between Mark and Leann, when Mark and Ferguson arrived at Leann's, they stayed in the car and honked the horn for Megan. When they received no reply from the house, Mark sent Ferguson to the front door to get Megan.
 {¶ 4} Leann told Ferguson that she would not allow Megan to go to her father's house because Megan had not cleaned her room. Ferguson replied that Leann should have called before they made the trip to pick Megan up. Leann and Ferguson began to argue. Leann came out of the house, and Ferguson backed down on the porch steps. Both women yelled and cursed as they moved across the property toward Mark's car.
 {¶ 5} When Ferguson was at the edge of Mark's car, she allegedly shouted that she would "kick [Leann's] ass" when she caught Leann out in public. Mark then walked up, took Ferguson's arm or hand, and told her they should go. The state charged Ferguson with violating R.C. 2903.22, menacing, for the threat she made to Leann during the incident. Additionally, the state charged Mark with violating R.C. 2919.25(C), domestic violence menacing, for the "you get yours" threat he made earlier in the day.
 {¶ 6} At Ferguson's arraignment, the court played a videotape that briefly outlined a criminal defendant's legal rights, including the right to an attorney and the right to a trial by jury when the possible sentence includes either jail time or a fine of more than $100.
 {¶ 7} When the court called Ferguson's name, it inquired whether Ferguson understood her rights as outlined in the video. Ferguson indicated that she did. The court then informed Ferguson that the charge against her is punishable by up to a $250 fine and thirty days in jail. Ferguson pled not guilty and requested a court-appointed attorney. The court asked Ferguson some questions about her income and the number of people she supports. Ferguson indicated that she makes nine dollars per hour, works between thirty and forty hours per week, and only supports herself. The court informed Ferguson that she did not qualify for courtappointed counsel. Ferguson then informed the court that, though she was scheduled to return to work the following Tuesday, she had not worked for the approximately four months preceding the arraignment. The court stated that Ferguson was nonetheless not eligible for court-appointed counsel.
 {¶ 8} The trial court sua sponte joined Ferguson's case with Mark's case. Ferguson appeared for trial without counsel. The court did not comment on Ferguson's lack of counsel or inquire whether Ferguson understood the dangers inherent in self-representation. Leann testified to the facts as described above. When asked whether Ferguson's comment caused her to fear that Ferguson would cause her physical harm, Leann replied that it "caused some concern." Leann's mother also testified that she overheard Ferguson threaten to "kick [Leann's] ass" when she caught Leann out in public.
 {¶ 9} Ferguson testified on her own behalf. Ferguson claimed that she did not use the phrase "kick your ass," and that she only stated that she would finish the argument with Leann when she caught Leann out in public and they were no longer in front of the children. Ferguson further testified that during the incident she backed away from Leann as Leann waved her arms, challenged her to a fight, and called her a slut and a whore.
 {¶ 10} The court found Ferguson guilty of menacing and imposed a sentence, including a suspended jail commitment and a fine. Ferguson appeals, asserting the following assignments of error: "I. The trial court erred by finding [Ferguson] guilty in the absence of any evidence that she knowingly caused Leann to believe she intended to ever cause her or her property, any physical harm. II. The trial court erred and abused its discretion in convicting [Ferguson] after denying her, her constitutional right to a jury trial. IV. The trial court erred and abused its discretion in convicting [Ferguson] after denying her her constitutional right to counsel."
 II. {¶ 11} In her first assignment of error, Ferguson contends that the record does not contain any evidence to support the requirement that she "knowingly" caused Leann to believe that she intended to cause Leann physical harm. Thus, Ferguson challenges the sufficiency of the evidence supporting her conviction.
 {¶ 12} An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. State v. Jenks (1991), 61 Ohio St.3d 259, paragraph two of the syllabus. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Id., citing Jackson v. Virginia (1979), 443 U.S. 307,99 S.Ct. 2781, 61 L.Ed.2d 560. This test raises a question of law and does not allow the court to weigh the evidence. State v. Martin (1983),20 Ohio App.3d 172, 175. Evidence supporting a defendant's conviction may be direct or circumstantial. "Circumstantial evidence and direct evidence inherently possess the same probative value and therefore should be subjected to the same standard of proof." Jenks, 61 Ohio St.3d 259 at paragraph one of the syllabus.
 {¶ 13} Ferguson contends that the record does not contain any evidence to prove that she possessed the requisite intent to knowingly cause Leann to believe she would cause Leann harm. Ferguson testified that she only intended to tell Leann that they should not argue in front of the children. Additionally, while she denies using the phrase "kick your ass," Ferguson contends that phrase has become so vague through overuse and misuse in common vernacular that its association with actual violence is no longer its only meaning. Because there is no other direct evidence of Ferguson's intent, Ferguson concludes that the record does not contain sufficient evidence that she intended to cause her to fear physical harm.
 {¶ 14} When the issue in dispute is a defendant's purpose or intent, it is necessary to rely upon circumstantial evidence because intent cannot be proved by a third person's direct testimony, but must be gathered from the surrounding facts and circumstances. State v. Lott
(1990), 51 Ohio St.3d 160, 168, certiorari denied 498 U.S. 1017,111 S.Ct. 591, 112 L.Ed.2d 596. Here, the circumstances surrounding Ferguson's statement include that Ferguson made the statement during an intense argument. Additionally, even if the phrase "kick your ass" does not always refer to an act of violence, it indisputably sometimes refers to violence. When viewing this evidence in a light most favorable to the state, we find that a rational trier of fact could have found that Ferguson knew her statement would cause Leann to reasonably believe that she intended to cause Leann physical harm.
 {¶ 15} Because we find, after viewing the evidence in a light most favorable to the state, that a rational trier of fact could have found the essential elements of menacing proven beyond a reasonable doubt, we find that sufficient evidence supports Ferguson's conviction. Ferguson did not assign an error asserting that her conviction is contrary to the manifest weight of the evidence, and we decline to reach the issue. Accordingly, we overrule Ferguson's first assignment of error.
 III. {¶ 16} In her third assignment of error, Ferguson contends that the trial court erred and abused its discretion by depriving her of her constitutional right to counsel. The state contends that Ferguson waived her right to counsel.
 {¶ 17} The Sixth Amendment to the United States Constitution, and Section 10, Article 1 of the Ohio Constitution guarantee the right to assistance of counsel in all criminal prosecutions that may result in jail sentences. State v. Wellman (1974), 37 Ohio St.2d 162, 171, citingArgersinger v. Hamlin (1972), 407 U.S. 25, 92 S.Ct. 2006, 32 L.Ed.2d 530. In Ohio, the right to assistance of court-appointed counsel in criminal cases is a factual issue that does not necessarily depend on the defendant's indigency or whether he or she should be able to employ counsel, but on whether, in fact, the defendant is unable to employ counsel. State v. Tymcio (1975), 42 Ohio St.2d 39, 45; State v. McLean
(1993), 87 Ohio App.3d 392, 395.
 {¶ 18} Waiver of the right to counsel can be express or implied. Statev. Glasure (1999), 132 Ohio App.3d 227, 234. However, we must indulge every reasonable presumption against a waiver of fundamental constitutional rights. Brewer v. Williams (1977), 430 U.S. 387,97 S.Ct. 1232, 51 L.Ed.2d 424; Johnson, supra. Therefore, before a defendant can waive the right to counsel, the court must be satisfied that the defendant made an intelligent and voluntary waiver of the right with the knowledge that he will have to represent himself. State v.Ebersole (1995), 107 Ohio App.3d 288, 293, citing Faretta v.California (1975), 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, and Statev. Gibson (1976), 45 Ohio St.2d 366. The court must inform the defendant of the dangers inherent in selfrepresentation before permitting him to proceed without counsel. Glasure at 227; Ebersole at 293, citing Faretta
and Gibson.
 {¶ 19} Crim.R. 44, which covers the assignment of counsel and waiver of counsel, provides: "Where a defendant charged with a petty offense is unable to obtain counsel, no sentence of confinement may be imposed upon him, unless after being fully advised by the court, he knowingly, intelligently, and voluntarily waives assignment of counsel." Crim.R. 44(B). The rule further provides that "[w]aiver of counsel shall be in open court and the advice and waiver shall be recorded as provided in Rule 22." Crim.R. 44(C). Strict compliance with the procedure outlined in Crim.R. 44 is not necessary, so long as the court followed the substance and spirit of that rule. Ebersole, supra, 107 Ohio App.3d at 293, citing State v. Overholt (1991), 77 Ohio App.3d 111. Accordingly, if the record reflects substantial compliance with the procedural rule, the court may find an implied waiver. Id.
 {¶ 20} Even where the waiver of counsel is implied, the court must make a pretrial inquiry to determine that the waiver is knowing, intelligent and voluntary. Glasure at 236, citing United States v. Allen
(C.A.10, 1990), 895 F.2d 1577, 1579. When a defendant who, though financially able, fails to retain counsel in an attempt to delay or otherwise frustrate the judicial process, the court may find an implied waiver. See State v. Hook (1986), 33 Ohio App.3d 101. However, to infer such a waiver, the court must take into account the total circumstances of the individual case, including the defendant's background, experience, and conduct. Glasure at 236, citing Hook at 103. In Hook, the defendant was experienced with the judicial system or that case in particular since it had already been tried, and then reversed and remanded for a new trial. It was clear that the defendant was aware of the nature of the charges, the possible defenses, and the evidence the state would present, and therefore the trial court could properly infer the defendant's waiver of his right to counsel. In contrast, the waiver of counsel cannot be implied when the trial court fails to make any attempt to inform the defendant of the gravity of his decision to proceed to trial without counsel. Glasure at 236, citing State v. Weiss (1993),92 Ohio App.3d 681.
 {¶ 21} Here, Ferguson requested court-appointed counsel. The trial court conducted a perfunctory hearing on Ferguson's ability to obtain counsel, though it did not attempt to elicit any evidence regarding her actual ability to obtain counsel, and thus ignored the Tymcio rule. Even assuming that the trial court properly determined that Ferguson was able to obtain counsel on her own, the court failed to establish that Ferguson made a valid waiver of her right to counsel. The trial court inferred Ferguson's waiver of her right to counsel without making any attempt to inform Ferguson of the dangers inherent in self-representation or determine if Ferguson was familiar enough with the judicial system to understand such dangers. Thus, we find that the trial court effectively deprived Ferguson of her right to counsel. Accordingly, we sustain Ferguson's third assignment of error.
 IV. {¶ 22} In her second assignment of error, Ferguson contends that the trial court deprived her of her constitutional right to a jury trial. Because Ferguson will have the opportunity to request a jury trial after her trial date is set on remand, we find that our resolution of Ferguson's third assignment of error renders her second assignment of error moot. Accordingly, we decline to address it. See App.R. 12(A)(1)(c).
 {¶ 23} In sum, we find that the state presented sufficient evidence to support Ferguson's conviction. However, we find that the trial court effectively deprived Ferguson of her constitutional right to counsel because (1) the court did not follow the Tymcio rule and (2) Ferguson did not waive her right to counsel. Accordingly, we reverse the judgment of the trial court, and remand this cause to the trial court for further proceedings consistent with this opinion.
JUDGMENT AFFIRMED IN PART, REVERSED IN PART, AND CAUSE REMANDED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED IN PART AND REVERSED IN PART, and the cause remanded to the trial court for further proceedings consistent with this opinion, and Appellant and Appellee to split costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Jackson County Municipal Court to carry this judgment into execution.
If a stay of execution of sentence and release upon bail has been previously granted by the trial court or this court, it is continued for a period of sixty days upon the bail previously posted. The purpose of said stay is to allow appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. The stay as herein continued will terminate in any event at the expiration of the sixty day period.
The stay shall terminate earlier if the appellant fails to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec.2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of said sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J.: Concurs in Judgment and Opinion.
Harsha, J.: Concurs in Judgment Only.
 NOTICE TO COUNSEL Pursuant to Local Rule No. 14, this document constitutes a finaljudgment entry and the time period for further appeal commences from thedate of filing with the clerk.