[Cite as *State v. Cox*, 2016-Ohio-3250.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | Hon. Sheila G. Farmer, P.J. |
| Plaintiff - Appellee | : | Hon. John W. Wise, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| RONALD L. COX | : | Case No. 2015CA00174 |
| | : | |
| Defendant - Appellant | : | O P I N I O N |

CHARACTER OF PROCEEDING:     Appeal from the Alliance Municipal
                             Court, Case No. 2015 CRB 00139

JUDGMENT:                    Judgment vacated,
                             Final judgment entered

DATE OF JUDGMENT:            May 31, 2016

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

CAITLYN. R. SCHNEIDER                     IAN ROBINSON
JENNIFER ARNOLD                           Fitch, Kendall, Cecil, Robinson
MATTHEW KUHN                              & Barry Co., LPA
Law Director's Office                     600 East State Street, P.O. Box 590
470 East Market Street                    Salem, Ohio 44460
Alliance, Ohio 44601

*Baldwin, J.*

{¶1} Appellant Ronald L. Cox appeals a judgment of the Alliance Municipal Court convicting him of disorderly conduct (R.C. 2917.11(A)(5)). Appellee is the State of Ohio.

STATEMENT OF THE FACTS AND CASE

{¶2} On January 26, 2015, appellant went to the Alliance YMCA to play basketball with his son. While there, he noticed that his two daughters had swim practice in the pool. He went to the area near the locker room to wait to see his daughters. Appellant is a sergeant with the Ohio State Highway Patrol.

{¶3} The girls were at the YMCA with their mother and her friend, Jen Clair. When appellant went to the hallway to wait for the girls, Clair was standing there and began videotaping appellant with her phone. Appellant asked Clair to stop taping him, and made insulting comments to Clair about her family, education, and work ethic. At one point, captured in both the YMCA security video and by Clair's telephone, appellant put his hand toward the cell phone, causing Clair to jerk backwards. However, Clair continued to film appellant standing in the hallway for about seven more minutes.

{¶4} Clair returned home and her fiancé encouraged her to file a police report. Clair told police that appellant started "mouthing" as always, and she was "scared to death." Tr. 39-40. Appellant was charged with menacing in violation of R.C. 2903.22. The case proceeded to bench trial in the Alliance Municipal Court.

{¶5} At trial, Clair testified that appellant came after her cell phone, and she yanked it back. She testified that she and appellant's ex-wife were told to videotape everything appellant did. She testified that appellant is a scary man and that in eight years of dealing with him, she never had a positive interaction. When asked on cross-

examination, she testified that she couldn't really say how she was feeling at the time, and all she was thinking was, "Video. Video. Video." Tr. 32.

{¶6} Appellant testified that he wanted her to stop filming him, as he was tired of her recording him.  He testified that Clair has harassed him, his wife, and his parents for seven to eight years.  He admitted to going for the phone, but testified that he did not try to touch her or scare her.  He further testified that while filming, Clair gave him the finger and was smirking and laughing.

{¶7} At the close of evidence, the court asked the prosecutor if he wanted to submit the case solely on the charge of menacing.  The prosecutor responded that the court could include a lesser-included offense such as disorderly conduct.  Appellant objected.

{¶8} The court found appellant not guilty of menacing based on Clair's testimony. The court noted that appellant came after the phone and not after Clair, and that she testified that she did not know how she felt at the time.  The court further noted that when appellant approached her he did not threaten her, but said "Quit filming," and that his voice was never raised throughout the insulting comments he made to Clair.  However, the court found that raising his hand to Clair and causing her to yank back was physically offensive and served no lawful purpose, and found him guilty of disorderly conduct.  He was fined $100.00, with full credit toward the fine upon completion of anger management treatment.

{¶9} Appellant assigns three errors:

{¶10} "I.    THE TRIAL COURT ERRED IN DENYING A MOTION FOR ACQUITTAL ON THE MENACING CHARGE WHERE THE PROSECUTION

PRODUCED NO EVIDENCE TO PROVE THE VICTIM BELIEVED THE OFFENDER WILL CAUSE HER PHYSICAL HARM.

**{¶11}** "II. THE TRIAL COURT ERRED IN RULING THAT DISORDERLY CONDUCT AS DEFINED IN R.C. 2917.11(A)(5) IS A LESSER INCLUDED OFFENSE OF MENACING, R.C. 2903.22(A).

**{¶12}** "III. THE APPELLANT CANNOT BE CONVICTED WHERE THE PROSECUTION FAILS TO PRODUCE SUFFICIENT PROOF BEYOND A REASONABLE DOUBT THAT DEFENDANT WAS GUILTY OF ALL OF THE ELEMENTS OF DISORDERLY CONDUCT, R.C. 2917.11(A)(5)."

II.

**{¶13}** We address appellant's second assignment of error first, as it is dispositive of the appeal. Appellant argues that disorderly conduct as defined by R.C. 2917.11(A)(5) is not a lesser included offense of menacing, R.C. 2903.22(A). We agree.

**{¶14}** For an offense to be a lesser included offense, three requirements must be met: (1) the offense must carry a lesser penalty than the greater offense; (2) the greater offense cannot, as statutorily defined, ever be committed without the lesser offense also being committed; and (3) some element of the greater offense must not be required to prove the commission of the lesser offense. *State v. Deem,* 40 Ohio St. 3d 205, 533 N.E.2d 294, ¶3 of the syllabus (1988). The second prong of the *Deem* test requires us to examine the offenses at issue as defined by statute and not with reference to the specific facts of the case; the evidence presented in a particular case is irrelevant to the determination of whether an offense, as statutorily defined, is necessarily included in a greater offense. *State v. Kidder,* 32 Ohio St. 3d 279, 282, 513 N.E.2d 311, 315 (1987).

{¶15} Appellant was convicted of disorderly conduct in violation of R.C. 2917.11(A)(5):

{¶16} "(A) No person shall recklessly cause inconvenience, annoyance, or alarm to another by doing any of the following:

{¶17} "(5) Creating a condition that is physically offensive to persons or that presents a risk of physical harm to persons or property, by any act that serves no lawful and reasonable purpose of the offender."

{¶18} Appellant was charged with menacing in violation of R.C. 2903.22(A):

(A) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

{¶19} The State cites several cases which hold that disorderly conduct is a lesser included offense of menacing; however, these cases discuss subsection (A)(1) of R.C. 2917.11, and not subsection (5), which is at issue in the instant case.

{¶20} In *State v. Compton,* 153 Ohio App. 3d 512, 794 N.E.2d 771, 2003-Ohio-4080, the First District Court of Appeals considered whether disorderly conduct as defined

by R.C. 2917.11(A)(5) is a lesser included offense of domestic violence. Pursuant to R.C. 2919.25(C), a person commits domestic violence when, by threat of force, he knowingly causes a family or household member to believe that he will cause imminent physical harm to the family or household member. Thus, the statutory definition of domestic violence is similar to menacing as defined by R.C. 2903.22(A). The *Compton* court concluded that because the elements of domestic violence require only a subjective risk, i.e., that the family member merely believes the offender will cause imminent physical harm, domestic violence can be committed without committing disorderly conduct under R.C. 2917.11(A)(5), which requires that there be an actual and not merely subjective risk of physical harm to persons or property. *Id.* at ¶13. The court continued:

> Admittedly, there are factual scenarios in which a person committing domestic violence may, at the same time, commit a form of disorderly conduct. When a person threatens a household member with force, causing a belief of imminent physical harm, that person also commits disorderly conduct by recklessly causing alarm to another by creating a condition that is physically offensive to that person, as provided in the first part of R.C. 2917.11(A)(5). The second prong of *Deem,* it should be noted, does not require the elements of the greater and the lesser-included offenses to be stated in identical language. Clearly, if the victim of domestic violence believes that "the offender will cause imminent physical harm to a family or household member," a fortiori, the offender has caused the victim alarm by creating a condition that is "physically offensive" to that person, and has thus committed this particular form of disorderly conduct.

However, even with an allowance for this one narrow instance in which the two offenses statutorily coincide, the trial court's findings do not allow the conclusion that this is what happened here. The trial court expressly found that the state had failed to prove that Compton had threatened his wife with physical force. Indeed, the absence of a threat of force was the reason that the trial court acquitted Compton of the charge of domestic violence. Consequently, the one scenario in which the same conduct necessarily constitutes both domestic violence and disorderly conduct was effectively precluded by the trial court's factual findings.

**{¶21}** *Id.* at ¶ 14-15.

**{¶22}** Similarly, in the instant case, the offense of menacing requires a subjective belief that the person believes the offender will cause physical harm, and a person can therefore commit menacing without committing disorderly conduct pursuant to R.C. 2917.11(A)(5), which requires an actual risk of physical harm or a situation that is physically offensive. The court in the instant case acquitted appellant of menacing on the basis that the victim's testimony did not support a finding that he threatened her physically or that she believed she he would cause her physical harm. Thus, as in *Compton,* even when considering the evidence in the case, the trial court's findings did not correspond with the one scenario in which the same conduct necessarily constituted menacing and disorderly conduct.

**{¶23}** The court erred in convicting appellant of disorderly conduct in violation of R.C. 2917.11(A)(5), as it is not a lesser included offense of menacing. The second assignment of error is sustained.

**{¶24}** Appellant's first and third assignments of error are rendered moot by our disposition of assignment of error two.

**{¶25}** The judgment of the Alliance Municipal Court is vacated. Pursuant to App. R. 12(B), we hereby enter final judgment of acquittal in favor of appellant Ronald L. Cox. Costs are assessed to appellee.

By: Baldwin, J.

Farmer, P.J. and

Wise, J. concur.