[Cite as *State v. Howard*, 2025-Ohio-999.]

.

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio/City of Toledo                                Court of Appeals No.  L-24-1105

       Appellant                                              Trial Court No.  CRB-24-00271

v.

Joseph Howard                                              **<u>DECISION AND JUDGMENT</u>**

       Appellee                                               Decided:  March 21, 2025

* * * * *

Autumn Adams, for appellant

* * * * *

**OSOWIK, J.**

{¶ 1} Appellant, Joseph Howard appeals his conviction in the Toledo Municipal Court for Menacing, in violation of R.C. 2903.22(A)(1), a fourth degree misdemeanor. Howard contends that his conviction is not supported by sufficient evidence. Because the record contains evidence that, if believed, would convince the average mind of Howard's guilt beyond a reasonable doubt, we disagree. Howard also argues that his conviction is against the manifest weight of the evidence.  We cannot say that the trier of fact in this instance, the trial court, clearly lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice requiring reversal.

{¶ 2} Accordingly, we affirm the judgment of the trial court.

{¶ 3} It was the early morning hours of January 10, 2024, when appellant's mother, V.W., returned to her home and discovered that her door was locked. After realizing that she did not have her key, she began "banging" on the door. Appellant came down from his bedroom and let her in. He expressed his displeasure about the hour and that he had stepped in dog poop. He returned to his room. At that point, the victim could hear the appellant's dog "yiping" from appellant beating it. The victim told appellant that if she heard the dog yipe one more time, she would call the police. Appellant responded that he would beat his mother and give her a reason to call the police. The victim, now observing dog poop everywhere in the foyer, responded that she was indeed calling the police.

{¶ 4} Toledo Police officers arrived at the house. Eventually, appellant was taken into custody that night. The responding officer filed three separate charges against the appellant. Howard was charged with a violation of R.C. 2919.25( C), Domestic Violence, a misdemeanor of the fourth degree; a violation of R.C. 2903.22(A)(1), Menacing, a misdemeanor of the fourth degree and a violation of R.C. 2921.29(A)(1), Failure to Disclose, a misdemeanor of the fourth degree.

{¶ 5} All three charges were scheduled for trial to the court on April 2, 2024. The charging officer failed to appear. The prosecution then dismissed the failure to disclose charge. The prosecution further amended the classification of the remaining charges to reflect a fourth degree misdemeanor on both charges. Trial commenced on these charges. Only the victim testified.

2.

{¶ 6} At the close of the prosecution's evidence, the trial court granted appellant's Crim. R. 29 motion with respect to the domestic violence charge, stating "I believe the only statement I heard that is at issue is "Bitch, I'll kick your ass and give you something to call about." Testimony was that did not cause her to believe that that was going to happen."

{¶ 7} Nevertheless, the trial court ultimately found appellant guilty of the remaining charge of menacing explaining "Given all the testimony, I certainly believe that there was a significant risk of additional physical harm to either V.W. or her property, if Mr. Howard was not removed."

{¶ 8} Howard presents two assignments of error for our review. In his first assignment, appellant argues that the State failed to produce sufficient evidence that he committed the offense of menacing. He was charged with a violation of R.C. 2903.22(A)(1) which states:

{¶ 9} 2903.22 Menacing

(A)(1) No person shall knowingly cause another to believe that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family. In addition to any other basis for the other person's belief that the offender will cause physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family, the other person's belief may be based on words or conduct of the offender that are directed at or identify a corporation, association, or other organization that employs the other person or to which the other person belongs.

{¶ 10} Appellant more specifically argues that there was no evidence that the victim feared either for her safety or the safety of her property.

3.

{¶ 11} To prove the elements of menacing, the prosecution must show that the victim subjectively believed that there was a possibility of physical harm. *State v. Harvey*, 2023-Ohio-4454, ¶ 29 (6th Dist.), citing *State v. McConnaughey*, 2021-Ohio-3320, ¶ 41 (1st Dist.), citing *State v. Lampela,* 2016-Ohio-8007, ¶ 19 (6th Dist.); and *State v. Cox*, 2016-Ohio-3250 (5th Dist.). The key is whether the victim genuinely believes that he or she is facing physical harm to person or property. *Id*.

{¶ 12} When asked directly whether she believed that Howard would touch her, the victim testified "I can't say yes or no. He has done things to his brother, in the past, but never to me.  So in the back of my mind, it's possible."

{¶ 13} Howard argues that this response is insufficient to establish that the victim was fearful of harm to herself or her property.

{¶ 14} We note that the reach of R.C. 2903.22(A) is not so narrow as to restrict only conduct constituting an "overt threat." *In re P.T*, 2013-Ohio-3881, ¶ 18 (12th Dist.). Rather, the statute proscribes a much broader spectrum of behavior by criminalizing any conduct engaged in by a person knowing that such conduct would cause another to believe the offender will cause the other person, or the other's family, physical harm. This can encompass a present state of fear of bodily harm and a fear of bodily harm in the future. *State v. Intihar*, 2015-Ohio-5507, ¶ 10-11 (12th Dist.), citing *State v. Scott*, 2009-Ohio-4961, ¶ 20 (7th Dist.), citing *State v. Ali*, 2003-Ohio-5150, ¶ 26 (7th Dist.).

{¶ 15} In this case, evidence was sufficient to show that Howard knowingly caused the victim to believe that he intended to cause her physical harm when he told her that he would beat her and give her a reason to call the police.  The threat was made

4.

during the course of a heated argument while Howard was beating his dog. Additionally, the victim, appellant's mother, was aware that he had "done things to his brother in the past." *See State v. Ferguson*, 2005-Ohio-1438 (4th Dist.).

{¶ 16} Appellant further argues that a finding of guilty on the menacing charge would be inconsistent with a dismissal of the domestic violence charge, particularly since the court stated "I believe the only statement I heard that is at issue is "Bitch, I'll kick your ass and give you something to call about." Testimony was that did not cause her to believe that that was going to happen."

{¶ 17} We note that a court speaks exclusively through its journal entries, not oral pronouncements. *State v. Dowey*, 2012–Ohio–4915, ¶ 8 (9th Dist.); *In re Guardianship of Hollins*, 2007–Ohio–4555, ¶ 30. Here, notwithstanding the trial court's comments, the trial court's judgment entry found appellant guilty of menacing, the offense for which he was charged. Accordingly, to the extent that the court was not clear when it pronounced its verdict, its error was harmless. *State v. Sims*, 2016-Ohio-4763, (10th Dist.) ¶ 14, citing *State v. Vargas*, 2013–Ohio–4281 (9th Dist.), ¶ 28–31.

{¶ 18} We overrule appellant's first assignment of error.

{¶ 19} In his second assignment of error, Howard asserts that his conviction is against the weight of the evidence.

{¶ 20} Appellant argues that the trial court lost its way and created a manifest miscarriage of justice by convicting him of menacing as there was no evidence that showed V.W. had her property damaged and there was no ongoing threat that he would damage any of her property.

5.

**{¶ 21}** When reviewing a claim that a verdict is against the manifest weight of the evidence, the appellate court must weigh the evidence and all reasonable inferences, consider the credibility of witnesses, and determine whether the jury clearly lost its way in resolving evidentiary conflicts so as to create such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Berry*, 2024-Ohio-5970, ¶ 26 (6th Dist.).

**{¶ 22}** Reversal on manifest weight grounds is reserved for "the exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶ 23}** Although we consider the credibility of witnesses under a manifest-weight standard, we must, nonetheless, extend special deference to the trial court's credibility determinations, given that it is the trier of fact that has the benefit of seeing the witnesses testify, observing their facial expressions and body language, hearing their voice inflections, and discerning qualities such as hesitancy, equivocation, and candor. *State v. Fell*, 2012-Ohio-616, ¶ 14 (6th Dist.).

**{¶ 24}** In this case, only one witness testified: the victim, who was appellant's mother.

**{¶ 25}** After carefully reviewing the evidence and the credibility of the witnesses and weighing the testimony, we are not convinced that this is an exceptional case in which the evidence weighs heavily against a conviction.

**{¶ 26}** Accordingly, we find that Howard's conviction is not against the manifest weight of the evidence. Thus, his second assignment of error is not well-taken.

6.

**{¶ 27}** On consideration whereof, the judgment of the Toledo Municipal Court is hereby affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.

_____
JUDGE

Gene A. Zmuda, J.

_____
JUDGE

Myron C. Duhart, J.
CONCUR.

_____
JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.